**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Case No. 25-32198-KLP |
| BRANDON SCOTT MORRIS, | Chapter 7 |
| Debtor. | |

### TRUSTEE'S MOTION TO APPROVE COMPROMISE

William A. Broscious, Chapter 7 Trustee for the Bankruptcy Estate of Brandon Scott Morris (the "Trustee"), by counsel, requests the entry of an order substantially in the form attached hereto as **Exhibit A**, approving a settlement by and among the Trustee and Brandon Scott Morris (the "Debtor") and Randall Bland, now Randall Morris ("Ms. Morris") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"). The Trustee states the following in support of this motion:

### PARTIES AND JURISDICTION

1. On June 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code the ("Bankruptcy Code") in this Court.

2. The Trustee was appointed to administer the Debtor's chapter 7 bankruptcy estate and continues to serve as trustee in this matter.

4898-3317-6214.3

3.     This is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

**<u>BACKGROUND</u>**

4.     Upon review of the Debtor's books and records and the Amended Statement of Financial Affairs [Docket No. 26], the Trustee became aware of certain payments made to the Debtor's current spouse, Ms. Morris, in the amount of $6,213.24 from the time period of August 27, 2024 through October 11, 2024 and in the amount of $3,982.67 from the time period of May 23, 2025 through May 27, 2025 (collectively, the "<u>Cash Transfers</u>").[1] The Cash Transfers were also recited in  the *Complaint Objecting to Dischargeability of Debt and/or Objection to Discharge* [Adv. Proc. No. 26-03003] filed by the Debtor's prior divorce counsel, Dawn B. DeBoer and DeBoerSouth, PLLC.

5.     The Trustee also became aware of the Debtor's transfer of a 50% interest in a 2022 Honda Pilot to Ms. Bland on or about August 18, 2024 (the "<u>Honda Transfer</u>" and together with the Cash Transfers, the "<u>Transfers</u>").

6.     The Trustee considered the Transfers avoidable as preferential transfers and/or fraudulent conveyances pursuant to 11 U.S.C. §§ 547 and 548 and made demand upon the Debtor for return of the same.

7.     The Debtor subsequently provided the Trustee with information evidencing that the Honda Transfer was not a gift of any equity to Ms. Morris because, at the time of the Honda Transfer, the 2022 Honda Pilot was fully secured and there was no equity in the same.

8.     With respect to the Cash Transfers, the Debtor asserted various defenses to the avoidance of such preferential transfers, including a contemporaneous exchange, subsequent new

---

[1] The Debtor disclosed the Cash Transfers in the Amended Statement of Financial Affairs [Docket Number 26].

2

4898-3317-6214.3

value and ordinary course defenses.  In essence, Ms. Bland paid up front for certain household expenses for which the Debtor reimbursed her and continued to cover certain household expenses as well as expenses of the Debtor after the Cash Transfers were made.

9. In an effort to avoid costly avoidance action litigation with respect to Transfers, the Debtor entered into settlement discussions with the Trustee.

10. In connection with the Transfers, the Trustee and the Debtor have come to an agreement to resolve the same as follows (the "Settlement"):

a) The Debtor and/or Ms. Morris shall make payment to the Trustee in the amount of $3,062.50 payable in full on or before June 1, 2026;

b) The Settlement fully resolves the Transfers;

c) The Settlement is not an admission or finding of wrongdoing by the Debtor or Ms. Morris; and

d) The Debtor, Ms. Morris and the Trustee (collectively, the "Parties") do hereby irrevocably and unconditionally release, cancel, and forever discharge the other and its directors, officers, employees, subsidiaries, affiliates, agents, and representatives from any and all claims, complaints, causes of action, demands, damages, obligations, liabilities, losses, promises, agreements, controversies, penalties, expenses, and executions of any kind or nature whatsoever, which may arise in connection with the Transfers.

11. After considering the applicable facts and potential hurdles and in the exercise of his business judgment, the trustee believes that the Settlement is in the best interest of the Debtor's creditors and estate.

**RELIEF REQUESTED**

12. By this Motion, the Trustee respectfully requests the entry of the proposed Order attached hereto approving the Settlement.

13. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).  In

3

4898-3317-6214.3

determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

14. The probability of success in litigation. Although the Trustee believes he could prevail on an avoidance action with respect to the Cash Transfers, there is a possibility that such litigation would take a significant amount of time and come at a substantial cost for the Debtor's estate, which costs the Settlement seeks to avoid. As such, resolution as set forth in the Settlement is appropriate.

15. The potential difficulties of collection. The execution and/or enforcement and collection of any judgment avoiding the Cash Transfers could impose an additional burden on the Debtor's estate, thereby further reducing the net proceeds ultimately generated as a result of success on avoiding the Cash Transfers. The Settlement allows the Trustee to avoid such additional expenses by providing for immediate recovery to the estate.

16. The complexity of the litigation involved and the expense, inconveniences and

4

4898-3317-6214.3

delays necessarily attending it. Given the nature of the Cash Transfers and avoidance action litigation, such litigation and related discovery may be fact intensive, time consuming and result in a delay in administering the Debtor's estate. The Trustee would also likely incur substantial fees if he were to seek to avoid the Cash Transfers. The uncertainty, expenses, inconveniences and delays attending litigation can all be avoided under the Settlement. This factor favors approval of the Settlement.

17. The paramount interest of the creditors. The Settlement provides for an immediate transfer of funds to the Debtor's estate, which in turn will provide a quicker return to the creditors of the Debtor's estate, at a much lower administrative cost than contested litigation and, as such, represents a reasonable settlement. Such a settlement will provide a guaranteed benefit to the estate without the delay and potentially large administrative expenses. This factor favors approval of the Settlement.

WHEREFORE, the Trustee requests the Court to: (i) approve the Settlement; and (ii) award any further relief the Court deems proper.

**WILLIAM A. BROSCIOUS, TRUSTEE**

/s/ *Haley K. Magel*
Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone:   (804) 644-1700
Facsimile:    (804) 783-6192
Jeremy.Williams@kutakrock.com
Haley.Magel@kutakrock.com
*Counsel to William A. Broscious, Trustee*

5

4898-3317-6214.3

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, a true and correct copy of the foregoing was sent by first-class mail, postage prepaid, and/or electronic delivery to all necessary parties.

Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114
*Debtor*

Randall Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

Richard C. Pecoraro
Rich Law, PLC
1700 Huguenot Rd., Suite B4
Midlothian, VA 2311
rich@richlawrva.com
*Counsel for the Debtor*

Kathryn R. Montgomery
Office of the United States Trustee
701 East Broad Street, Ste. 4304
Richmond, VA 23219
kathryn.montgomery@usdoj.gov
*Assistant U.S. Trustee*

> /s/ Haley K. Magel
> Counsel

6

4898-3317-6214.3

## EXHIBIT A

**Proposed Order**

4898-3317-6214.3

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 25-32198-KLP |
|  | ) |  |
| BRANDON SCOTT MORRIS, | ) | Chapter 7 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE</u>

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise* (the "<u>Motion</u>") filed by William A. Broscious, Chapter 7 Trustee for the Bankruptcy Estate of Brandon Scott Morris (the "<u>Trustee</u>"), by counsel, to approve a settlement by and among the Trustee and Brandon Scott Morris (the "<u>Debtor</u>") and Randall Bland, now Randall Morris ("Ms. Morris"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Rules</u>"). Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1.      On June 3, 2025 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code the ("<u>Bankruptcy Code</u>") in this Court.

2.      The Trustee was appointed interim trustee and continues to serve as Trustee in this case.

4898-3317-6214.3

3.      This is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4.      Upon review of the Debtor's books and records and the Amended Statement of Financial Affairs [Docket No. 26], the Trustee became aware of certain payments made to the Debtor's current spouse, Ms. Morris, in the amount of $6,213.24 from the time period of August 27, 2024 through October 11, 2024 and in the amount of $3,982.67 from the time period of May 23, 2025 through May 27, 2025 (collectively, the "Cash Transfers").[1] The Cash Transfers were also recited in  the *Complaint Objecting to Dischargeability of Debt and/or Objection to Discharge* [Adv. Proc. No. 26-03003] filed by the Debtor's prior divorce counsel, Dawn B. DeBoer and DeBoerSouth, PLLC.

5.      The Trustee also became aware of the Debtor's transfer of a 50% interest in a 2022 Honda Pilot to Ms. Bland on or about August 18, 2024 (the "Honda Transfer" and together with the Cash Transfers, the "Transfers").[2]

6.      In connection with the Transfers, the Trustee and the Debtor have come to an agreement to resolve the same as follows (the "Settlement"):

a)  The Debtor and/or Ms. Morris shall make payment to the Trustee in the amount of $3,062.50 payable in full on or before June 1, 2026;

b)  The Settlement fully resolves the Transfers;

c)  The Settlement is not an admission or finding of wrongdoing by the Debtor or Ms. Morris; and

d)  The Debtor, Ms. Morris  and the Trustee (collectively, the "Parties") do hereby irrevocably and unconditionally release, cancel, and forever discharge the other and its

---

[1] The Debtor disclosed the Cash Transfers in the Amended Statement of Financial Affairs [Docket Number 26].  The Debtor and Ms. Morris asserted various defenses to the Cash Transfers, including contemporaneous exchange, subsequent new value and ordinary course.

[2] The Debtor subsequently provided the Trustee with information evidencing that the Honda Transfer was not a gift of any equity to Ms. Bland because, at the time of the Honda Transfer, the 2022 Honda Pilot was fully secured and there was no equity in the same.

2

4898-3317-6214.3

directors, officers, employees, subsidiaries, affiliates, agents, and representatives from any and all claims, complaints, causes of action, demands, damages, obligations, liabilities, losses, promises, agreements, controversies, penalties, expenses, and executions of any kind or nature whatsoever, which may arise in connection with the Transfers.

7.     After considering the applicable facts, potential hurdles and in the exercise of his business judgment, the Trustee believes that the Settlement is in the best interest of the Debtor's estate.

8.     The Trustee conducted a cost-benefit analysis regarding these matters, including the costs associated with litigation and the implications of his success, and has concluded the Settlement is fair and reasonable, and the proposed Settlement serves the best interests of the estate and the creditors.  In consideration of the probability of success in litigation, the complexity of the proposed litigation, the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the Settlement is fair and reasonable.  The Court adopts and approves the Trustee's business judgment to enter into the Settlement.

9.     Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is hereby granted.

2.     The Settlement is approved, and the Trustee is authorized to take all necessary actions to consummate such Settlement.

3.     The Debtor and/or Ms. Morris shall make payment to the Trustee in the amount of $3,062.50 on or before June 1, 2026.

4.     The Clerk shall serve copies of this Order to the parties on the Service List.

4898-3317-6214.3

ENTERED: _____

                            UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:

/s/ *Haley K. Magel*
**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Haley.Magel@kutakrock.com
*Counsel to William A. Broscious*

Seen and Agreed:

/s/
Richard C. Pecoraro
Rich Law, PLC
1700 Huguenot Rd., Suite B4
Midlothian, VA 2311
rich@richlawrva.com
*Counsel for Brandon Scott Morris*

## CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

       Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify under penalty of perjury that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                         /s/ *Haley K. Magel*

4

4898-3317-6214.3

<u>Service List</u>

Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114
*Debtor*

Randall Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

5