**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
haley.magel@kutakrock.com
*Counsel for William A. Broscious, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | Case No. 25-32198-KLP |
| BRANDON SCOTT MORRIS, | Chapter 7 |
| Debtor. | |

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise* (the "Motion") filed by William A. Broscious, Chapter 7 Trustee for the Bankruptcy Estate of Brandon Scott Morris (the "Trustee"), by counsel, to approve a settlement by and among the Trustee and Brandon Scott Morris (the "Debtor") and Randall Bland, now Randall Morris ("Ms. Morris"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"). Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1.      On June 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code the ("Bankruptcy Code") in this Court.

2.      The Trustee was appointed interim trustee and continues to serve as Trustee in this case.

3.     This is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4.     Upon review of the Debtor's books and records and the Amended Statement of Financial Affairs [Docket No. 26], the Trustee became aware of certain payments made to the Debtor's current spouse, Ms. Morris, in the amount of $6,213.24 from the time period of August 27, 2024 through October 11, 2024 and in the amount of $3,982.67 from the time period of May 23, 2025 through May 27, 2025 (collectively, the "Cash Transfers").[1] The Cash Transfers were also recited in  the *Complaint Objecting to Dischargeability of Debt and/or Objection to Discharge* [Adv. Proc. No. 26-03003] filed by the Debtor's prior divorce counsel, Dawn B. DeBoer and DeBoerSouth, PLLC.

5.     The Trustee also became aware of the Debtor's transfer of a 50% interest in a 2022 Honda Pilot to Ms. Bland on or about August 18, 2024 (the "Honda Transfer" and together with the Cash Transfers, the "Transfers").[2]

6.     In connection with the Transfers, the Trustee and the Debtor have come to an agreement to resolve the same as follows (the "Settlement"):

a)  The Debtor and/or Ms. Morris shall make payment to the Trustee in the amount of $3,062.50 payable in full on or before June 1, 2026;

b)  The Settlement fully resolves the Transfers;

c)  The Settlement is not an admission or finding of wrongdoing by the Debtor or Ms. Morris; and

d)  The Debtor, Ms. Morris  and the Trustee (collectively, the "Parties") do hereby irrevocably and unconditionally release, cancel, and forever discharge the other and its

---

[1] The Debtor disclosed the Cash Transfers in the Amended Statement of Financial Affairs [Docket Number 26].  The Debtor and Ms. Morris asserted various defenses to the Cash Transfers, including contemporaneous exchange, subsequent new value and ordinary course.

[2] The Debtor subsequently provided the Trustee with information evidencing that the Honda Transfer was not a gift of any equity to Ms. Bland because, at the time of the Honda Transfer, the 2022 Honda Pilot was fully secured and there was no equity in the same.

2

directors, officers, employees, subsidiaries, affiliates, agents, and representatives from any and all claims, complaints, causes of action, demands, damages, obligations, liabilities, losses, promises, agreements, controversies, penalties, expenses, and executions of any kind or nature whatsoever, which may arise in connection with the Transfers.

7.     After considering the applicable facts, potential hurdles and in the exercise of his business judgment, the Trustee believes that the Settlement is in the best interest of the Debtor's estate.

8.     The Trustee conducted a cost-benefit analysis regarding these matters, including the costs associated with litigation and the implications of his success, and has concluded the Settlement is fair and reasonable, and the proposed Settlement serves the best interests of the estate and the creditors.  In consideration of the probability of success in litigation, the complexity of the proposed litigation, the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the Settlement is fair and reasonable.  The Court adopts and approves the Trustee's business judgment to enter into the Settlement.

9.     Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is hereby granted.

2.     The Settlement is approved, and the Trustee is authorized to take all necessary actions to consummate such Settlement.

3.     The Debtor and/or Ms. Morris shall make payment to the Trustee in the amount of $3,062.50 on or before June 1, 2026.

4.     The Clerk shall serve copies of this Order to the parties on the Service List.

4898-3317-6214.3

ENTERED: Apr 10 2026

/s/ Keith L Phillips

UNITED STATES BANKRUPTCY COURT JUDGE

Entered On Docket: Apr 10 2026

Order submitted by:

/s/ *Haley K. Magel*
**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Haley.Magel@kutakrock.com
*Counsel to William A. Broscious*

Seen and Agreed:

/s/ *Richard C. Pecoraro*
Richard C. Pecoraro
Rich Law, PLC
1700 Huguenot Rd., Suite B4
Midlothian, VA 2311
rich@richlawrva.com
*Counsel for Brandon Scott Morris*

Randall Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

## CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify under penalty of perjury that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Haley K. Magel*

4

4898-3317-6214.3

Service List

Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114
*Debtor*

Randall Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

4898-3317-6214.3